UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KAYLA RUSSO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:16-cv-316-jgm |
| | : | |
| NAVIENT SOLUTIONS, LLC; | : | |
| SLM PRIVATE CREDIT STUDENT | : | |
| LOAN TRUST 2006-A; SLM PRIVATE | : | |
| CREDIT STUDENT LOAN TRUST 2010-C; | : | |
| SLM PRIVATE CREDIT STUDENT LOAN | : | |
| TRUST 2011-A; SLM PRIVATE CREDIT | : | |
| STUDENT LOAN TRUST 2011-B; and | : | |
| SLM PRIVATE CREDIT STUDENT | : | |
| LOAN TRUST 2015-A, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER
(Docs. 23, 27)

I.  Introduction

Plaintiff Kayla Russo commenced this action in state court in October 2016.  (Doc. 6.)  The case was subsequently removed to this Court based on diversity jurisdiction.  (Doc. 1.)  Defendants Navient Solutions, LLC, SLM Private Credit Student Loan Trust 2006-A, SLM Private Credit Student Loan Trust 2010-C, SLM Private Credit Student Loan Trust 2011-A, SLM Private Credit Student Loan Trust 2011-B, and SLM Private Credit Student Loan Trust 2015-A (collectively, Defendants) move to dismiss the complaint.  (Doc. 20.)  The motion is fully briefed.  See Docs. 26, 31.  Russo moves for leave to file a second amended complaint.  (Doc. 27.)  Her motion is also fully

briefed. See Docs. 32, 33.¹ For the reasons discussed below, Plaintiff's motion is granted and Defendants' motion is denied as moot.

II.     Background

A prior defendant, SLM Private Credit Student Loan Trust, removed the case to this Court (Doc. 1) and, while a motion to substitute defendant (Doc. 9) was pending, Russo filed a motion to amend her complaint (Doc. 17) resulting in the March 2017 first Amended Complaint (Doc. 20) naming the current Defendants.

On April 21, 2017, Defendants moved to dismiss the Amended Complaint. (Doc. 23.) On June 9, 2017, Russo opposed the motion to dismiss in a short filing (Doc. 26) and simultaneously filed a motion for leave to amend her complaint for a second time (Doc. 27). The proposed Second Amended Complaint adds factual allegations and contains specific counts of negligence, violation of the Vermont Consumer Protection Act, negligent misrepresentation, and invasion of privacy. (Doc. 27-1 (Proposed Second Amended Complaint).)

Navient Solutions, LLC ("Navient") was the servicer of the loans issued by each loan trust and acted as their agent. (Doc. 27-1 ¶¶ 6-7.)² Between 2005 and 2009, Kathryn Blank applied through Navient's website for four private student loans³ for Plaintiff Russo⁴ that Navient later bundled into the Loan Trust defendants. Id. ¶¶ 23-40. Russo did not apply for the last three loans,

---

¹ Defendants also filed a notice of supplemental authority. See Doc. 34.

² The following facts are assumed to be true for purposes of the pending motions.

³ Though neither party addresses it, the Court points out Plaintiff alleges the 2006 loan was requested in the amount of $288,750; perhaps this is a typographical error as the other loan amounts were between $15,000 and $17,500. Compare Doc. 27-1 ¶ 28 with ¶¶ 23, 32, 36.

⁴ Russo's former last name was Blank. (Doc. 27-1 ¶ 1.)

Navient did not verify whether she was applying, and she did not become aware of the extent of the loans until after her graduation from college. Id. ¶¶ 41-42, 45.

Navient provides professional services by counseling or assisting borrowers in the repayment of their loans. (Doc. 27-1 ¶¶ 47-48.) Russo could not remain current on her repayment obligations and, in August 2014, requested an income based repayment plan. Id. ¶¶ 46, 49-51. Navient advised Russo forbearance of her loans was her best option as they worked on a repayment plan, including her request for an income based plan, and her loans were placed in forbearance until October 2014. Id. ¶¶ 49-50, 52-53. She alleges Navient's advice was false and misleading because forbearance resulted in the addition of unpaid interest to the principal of the loans which Navient did not explain to her. Id. ¶¶ 55-57, 59-60, 65.

In September 2014, Navient informed Russo it would not allow her an income based repayment plan. (Doc. 27-1 ¶ 61.) Navient again advised forbearance. Id. ¶ 63. In December, Navient informed Russo she did not qualify for a lower payment option and advised her best option was the interest only repayment plan. Id. ¶ 64. In the spring of 2015, when Russo stopped making payments, Navient began contacting her every day--including while she was working--up to seven times per day. Id. ¶¶ 66-68. Navient's collection practices disrupted her employment and damaged her reputation with her employer and teaching peers. Id. ¶ 70. Navient ignored Russo's oral request to contact her only after school hours and not to call her employer and her October 2015 written request that she be contacted only in writing. Id. ¶¶ 68, 71-72.

III. Standard of Review

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with the court's leave and states the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Where a motion to amend is opposed on grounds of futility, the Court must determine whether the

3

amended complaint could withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015) (citing Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002)).

The Court will deny leave to amend if the proposed pleading fails to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The Court must draw inferences from the allegations in the light most favorable to the plaintiff. Starr v. Georgeson S'holder, Inc., 412 F.3d 103, 109 (2d Cir. 2005). "A complaint should not be dismissed on the pleadings unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) (internal quotation marks and citation omitted). The party opposing an amendment bears the burden of demonstrating why leave to amend would be futile. See Semper v. N.Y. Methodist Hosp., 786 F. Supp. 2d 566, 582 (E.D.N.Y. 2011).[5]

---

[5] In making futility determinations, as with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court is limited to the allegations in the complaint and any documents attached to the complaint as exhibits or incorporated by reference. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A court may, however, consider a document that is not incorporated by reference where the complaint "relies heavily upon its terms and effect." Id. at 153 (internal quotation marks and citation omitted). Here, Defendants have submitted various documents related to the loans and correspondence between the parties. The Court does not consider these extraneous materials because, though the documents may have been known to or in the possession of Russo, it is not clear she relied on the terms and effect of each of the documents in drafting the complaint.

4

IV.     Discussion

    A.      Motion to Amend Complaint

Defendants contend Russo's motion to amend should be denied because the proposed Second Amended Complaint suffers the same infirmities as the first Amended Complaint and is therefore futile. See Doc. 32.

        1.      Negligence Claim

Defendants assert a lender does not, as a matter of law, owe a duty to a borrower in an arm's length commercial transaction. (Doc. 23 at 7; Doc. 32 at 4.) Plaintiff's proposed pleading alleges three duties Defendants owed her: (1) to verify her identity prior to approving the loans; (2) to ensure the loans taken out in Plaintiff's name were to a qualified borrower; and (3) to maintain a reasonable website. (Doc. 27-1 ¶¶ 74-76.)

Under Vermont law, negligence requires a legally cognizable duty owed by the defendant to the plaintiff, a breach of that duty, that the breach was the proximate cause of plaintiff's injury, and damages. Carvalho v. Grzankowski, 36 F. Supp. 3d 423, 428 (D. Vt. 2014) (citing Powers v. Office of Child Support, 795 A.2d 1259, 1265 (Vt. 2002)). The existence of a duty is primarily a question of fact. Powers, 795 A.2d at 1265. "Generally, whether there is a cognizable legal duty that supports a tort action depends on a variety of public policy considerations and relevant factors." Hamill v. Pawtucket Mut. Ins. Co., 892 A.2d 226, 228 (Vt. 2005). Causation requires both "but-for" and proximate causation. Collins v. Thomas, 938 A.2d 1208, 1211 (Vt. 2007). A plaintiff must show: (1) the harm would not have occurred "but for" the defendant's conduct such that the "tortious conduct was a necessary condition for the occurrence of the plaintiff's harm," and (2) the defendant's negligence was "legally sufficient to result in liability such that liability attaches for all the injurious consequences that flow from the defendant's negligence until diverted by the intervention

of some efficient cause that makes the injury its own." Id. (internal quotation marks and citations omitted). Proximate cause is ordinarily characterized as a jury issue. Id.

Defendants rely on a case applying New York law to dismiss breach of fiduciary duty and negligent misrepresentation claims where the fiduciary and "special" relationships required to give rise to a duty was missing between the borrower and lender in an arm's length transaction. See Doc. 23 at 7, Doc. 32 at 4-5 (both citing Genna v. Sallie Mae, Inc., No. 11 Civ. 7371(LBS), 2012 WL 1339482, at *5-7 (S.D.N.Y. Apr. 17, 2012). Vermont law, however, applies to Russo's claims. She alleges various duties in her proposed pleading and, under Vermont law, the existence of a duty is primarily a question of fact. Powers, 795 A.2d at 1265. As lack of duty is the sole ground on which Defendants oppose amendment to the negligence claim, and as the proposed amendment alleges multiple duties, Russo's proposed amendment of her negligence claim is allowed.[6]

2. Vermont Consumer Protection Act Claim

Defendants argue Russo's VCPA claim fails because she does not allege "actionable misconduct." (Doc. 32 at 6-7.)

The Vermont Consumer Protection Act is violated if a party engages in an unfair or deceptive act or practice in commerce. Vt. Stat. Ann. tit. 9, § 2453; Foti Fuels, Inc. v. Kurrle Corp., 90 A.3d 885, 891 (Vt. 2013). A private party may prosecute a VCPA violation but must meet standing requirements: the private party must be a consumer who was harmed by the unfair or deceptive act or practice. Vt. Stat. Ann. tit. 9, § 2461(b). Accordingly, "[a]ny consumer who

---

[6] The Court notes Defendants have not raised--and therefore the Court has not considered--the economic loss rule, adopted by Vermont, which prohibits recovery under tort for economic losses which are not also accompanied by tangible, physical harm. See Hunt Constr. Grp., Inc. v. Brennan Beer Gorman, 607 F.3d 10, 14 (2d Cir. 2010).

6

contracts for goods or services in reliance upon false or fraudulent representations or practices" made in commerce in violation of the VCPA may recover damages. Id. A consumer is defined, in pertinent part, as anyone "who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his or her trade or business but for his or her use or benefit." Id. § 2451a(a).

Here, Russo alleges she is a consumer as defined by the VCPA who was harmed by specific instances of unfair, misleading, and deceptive actions of Defendants both at the time the loans were made and during servicing and repayment of the loans. Accepting the factual allegations as true and drawing all inferences in her favor, Russo has stated a claim under the VCPA. Accordingly, the Court does not find a VCPA claim to be futile.

### 3. Negligent Misrepresentation Claim

Defendants also argue Plaintiff's negligent misrepresentation claim fails because a lender owes no duty to a borrower. (Doc. 23 at 7, Doc. 32 at 4.) The Vermont Supreme Court has adopted the Restatement (Second) of Torts § 552 definition for claims of negligent misrepresentation. Glassford v. Dufresne & Assocs. P.C., 124 A.3d 822, 827 (Vt. 2015) (citing Limoge v. People's Trust Co., 719 A.2d 888, 890 (Vt. 1998)). Accordingly, in Vermont, a claim of negligent misrepresentation may be made "against one who, in the course of his business, profession or employment supplies false information for the guidance of others in their business transactions, where there is justifiable reliance on the information provided, and where that reliance results in pecuniary loss." McGee v. Vt. Fed. Bank FSB, 726 A.2d 42, 44 (Vt. 1999).

Here, Russo alleges Defendants represented that her best repayment option was to go into forbearance, that representation was false and material, she relied on the misrepresentation to her detriment, and suffered significant damages as a result. This is sufficient to state a claim for

negligent misrepresentation under Vermont law.[7] Accordingly, the Court does not find a negligent misrepresentation claim to be futile.

### 4. Invasion of Privacy

Defendants do not address Plaintiff's invasion of privacy claim in their papers. Accordingly, as Defendants bear the burden of demonstrating the amendment is futile, the Court will not find the proposed amendment to be futile with regard to this claim at this time.

### 5. Statute of Limitations

Defendants also generally argue Plaintiff's claims are barred by Vermont's six-year statute of limitations. (Doc. 32 at 8 (citing Vt. Stat. Ann. tit. 12, § 511.) They assert her allegations and claims concerning loan applications submitted from 2005 to 2009 expired at the latest in 2015, before the litigation was initiated in October 2016.

If the statute of limitations bars Russo's claims, she cannot show an entitlement to relief and her proposed pleading would be futile. See Brown v. Castleton State Coll., 633 F. Supp. 2d 392, 396 (D. Vt. 2009). The statute of limitations is tolled during the time a plaintiff is a minor. Vt. Stat. Ann. tit. 12, § 551. As the loans at issue here were student loans issued to pay for college, the Court must infer Plaintiff was a minor at the time--and may have been a minor for years after--the loans were received. See Renteria v. Nationwide Credit, Inc., No. 09-cv-1195, 2009 WL 2754988, at *2 (S.D. Cal. Aug. 27, 2009) (where a defendant seeks dates as a basis for dismissal under a statute of limitations, "[d]efendant's recourse is to conduct discovery on the matter and bring a motion for summary judgment if it turns out that [p]laintiff's claims are time-barred"). Accordingly, the Court

---

[7] The Court notes the issue of whether the economic loss rule applies to claims of negligent misrepresentation in Vermont is unresolved. The Second Circuit Court of Appeals has certified the question to the Vermont Supreme Court but the appeal was dismissed because the parties settled while it was pending. See Hunt Constr. Grp., 607 F.3d at 17-18.

cannot conclude the proposed amendment is futile as a result of the operation of the statute of limitations.

      B.      <u>Motion to Dismiss Complaint</u>

In light of the Court's determination with regard to Russo's motion to amend her complaint, Defendants' motion to dismiss (Doc. 23) the Amended Complaint (Doc. 20) is moot as the proposed second amended complaint will become the operative complaint.

V.      <u>Conclusion</u>

For the reasons discussed above, Plaintiff's motion to amend the complaint (Doc. 27) is GRANTED, and Plaintiff shall file the Second Amended Complaint (Doc. 27-1). Accordingly, Defendants' motion to dismiss (Doc. 23) the first amended complaint is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of September, 2017.

                                /s/ J. Garvan Murtha
                                Honorable J. Garvan Murtha
                                United States District Judge